(79 N. W. Rep. 149.)

---

CHARLES B. HILL *vs*. CHARLES E. WILSON.

Opinion filed May 4, 1899.

**Pleading—Damages for Wrongful Detention of Personalty.**

In an action to recover a gross sum for value of the use of a hack and team wrongfully detained by the defendant, and for a fixed period, it is not necessary to plead specially unusual conditions, which make the value of the use greater upon some days than others, to render evidence of such greater value admissible, when the conditions are equally within the knowledge of both parties.

**Evidence of the Value of Use of Property.**

Evidence as to the value of the use of personal property upon particular occasions which create an unusual demand for that kind of property is not subject to the objection that it is speculative, when the evidence is based upon known conditions of demand and value existing at the time.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Charles B. Hill against Charles E. Wilson. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Morrill & Engerud,* for appellant.

*W. H. Barnett,* for respondent.

YOUNG, J. This action originated in Justice Court in Cass county upon these facts: On June 10, 1898, the defendant, as sheriff of that county, seized certain personal property belonging to the plaintiff, consisting of a hack, team, harness, etc., under an execution issued out of the District Court upon a judgment against one John Keating. The defendant refused to surrender the property to plaintiff pursuant to his demand made the day after the seizure. Neither did he release it promptly when a sheriff's jury returned a finding

that the property belonged to the plaintiff, but continued to retain it for several days. This action is brought to recover the value of the use of the property for the time intervening between the seizure and release. The complaint alleges the value of the use to have been $75. The justice gave judgment for $34.50, and in his record, just preceding the judgment proper, he recites that he finds "the plaintiff is entitled to recover of defendant the sum of two and 50-100 dollars for nine days, and the further sum of twelve dollars for June 17th." This recital merely shows this estimate of the value of the use upon different days, taken as a basis for the gross judgment. There is no controversy in this case over the proper measure of damages. It is conceded that it is the value of the use of the property. Over defendant's objection, plaintiff was permitted to introduce evidence showing that the use of this property was of greater value on June 17th—one of the 10 days it was detained—than on the other days; also to show, as conditions causing the difference, that there was a circus in town on that day. Counsel for defendant properly saved exceptions to the admission of this evidence, and appealed to the District Court upon errors of law alone. It was there urged that the evidence was not admissible—First, because special damages for this particular day were not pleaded; second, for the reason that the evidence as to damages was entirely speculative. The District Court affirmed the judgment of the justice. The case now comes to us upon the same points urged below.

Upon both points appellant must fail. The plaintiff sought to recover simply for the use of the property. The only question at issue was what the value was. The complaint sufficiently informed defendant of plaintiff's demand, and particularly specified the exact period of time for which a recovery was demanded. It does not follow that, because the use of the property was more valuable one day than another, such fact, and the reasons therefor, must be specially pleaded. What the value actually was became an issue of fact to be determined as any other question of fact. It is patent that the value of the use of such property depends upon conditions existing from day to day and week to week. Evidence that on this particular day there was an unusual demand for hacks because it was circus day only goes to show conditions which support the evidence of the witnesses that the value of the use of the property was approximately the amount named by them, which was much in excess of ordinary days. Neither is the evidence of value speculative. It is not based upon prospective profits which plaintiff might have made by running the hack, but upon the actual value of the use of the property under conditions which were known to both parties. The judgment of the District Court is affirmed. All concur.
(79 N. W. Rep. 150.)